**In re Petition for DISCIPLINARY ACTION AGAINST Timothy Thomas NIPPER, a Minnesota Attorney, Registration No. 221387.**

**No. A12–0574.**

Supreme Court of Minnesota.

Jan. 10, 2013.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Timothy Thomas Nipper committed professional misconduct, namely, pleading guilty to six criminal offenses, including disorderly conduct, violation of a domestic abuse no-contact order, and DWI, over a five-year period, violating the conditions of his probation and no-contact orders, neglect of a client matter, failing to communicate with a client, and failing to return client property, in violation of Minn. R. Prof. Conduct 1.3, 1.4(a)(3) and (4), 1.15(c)(4), 1.16(d), 8.4(b) and (d).

Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), waives his right to answer, and unconditionally admits the allegations of the petition for disciplinary action. The parties jointly recommend that the appropriate discipline is a 90–day suspension, that petitioner's reinstatement be subject to certain conditions, and that upon reinstatement, respondent be placed on probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings therein,

IT IS HEREBY ORDERED that:

1. Respondent Timothy Thomas Nipper is suspended from the practice of law for a minimum of 90 days;

2. Respondent shall refund the $1,000 retainer paid to him by Brandon Heem;

3. Respondent's reinstatement to the practice of law shall be conditioned on respondent providing proof of the following:

(a) That he has established an ongoing relationship with a treating physician and is compliant with any recommended care;

(b) That he is compliant with any recommended chemical dependency treatment and care;

(c) That he is compliant with any recommended psychological treatment;

(d) His verified, regular attendance at Alcoholics Anonymous or an equivalent group; and

(e) A refund of the $1,000 retainer paid to him by Brandon Heem;

4. Upon reinstatement, respondent shall be placed on probation for four years subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription;

(d) Respondent shall follow all chemical dependency treatment and care recommendations;

(e) Respondent shall remain law abiding and shall follow the conditions of his criminal probation;

(f) Respondent shall attend weekly meetings of Alcoholics Anonymous or another out-patient abstinence-based alcohol treatment program acceptable to the Director. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to the respondent's supervisor, if any;

5. If respondent decides to return to the practice of law or to reactive his Minnesota lawyer registration status during the period of this probation, respondent shall provide the Director at least 30 days written notice;

6. Upon returning to the practice of law, respondent shall, at his own expense, no more than four times per month, submit to random urinalysis for alcohol and drug screening at a facility approved by the Director and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after six months, all such tests have been negative, then the frequency of the random tests may be reduced. Respondent shall cooperate with the phone-in program established by the Director for the random test. Any failure to phone in in accordance with the random test program shall be considered the same as receipt of a positive test result. Any positive test result will be grounds for revoking this probation;

7. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

8. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR;

9. Within one year of the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR; and

10. Respondent shall be eligible for re-instatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

BY THE COURT:

/s/ Alan C. Page
Associate Justice